ON APPLICATION FOR REHEARING
PER CURIAM.
Defendant-appellant has filed an application for rehearing contending we committed error in: (1) holding the litigants had entered into a contract of use and habitation because such a contract must be in writing and cannot be established by parole evidence; (2) denying the plea of prescription; and (3) awarding plaintiff certain items of expenses which the record establishes were paid by appellant.
This per curiam is written primarily for the purpose of pointing out that we did not hold the litigants had entered into a valid and binding contract of use and habitation. The advances by plaintiff to defendant were made and received under an oral agreement between the litigants to the effect that, in return therefor, plaintiff would have the right to live in the house for the balance of her life. Whether or not this constituted a valid and binding contract of use and habitation is immaterial in this case because plaintiff did not seek enforcement of the oral agreement; she only sought reimbursement and clearly was entitled to that relief.
As set out in the opinion, the prescription of three years under LSA-C.C. Art. 3538, for the “payment of money lent”, is inapplicable because the money advanced by plaintiff was not “money lent”. That terminology has reference to a loan for consumption (see LSA-C.C. Art. 2913) which, under LSA-C.C. Art. 2910, is “ * * * an agreement by which one person delivers to another a certain quantity of things which are consumed by the use, under the obligation, by the borrower, to return to him as much of the same kind and quality.” Here the agreement, whether valid and binding or not, was to return, not the money advanced, but the right to live in the house.
We find that our opinion sufficiently discusses and properly disposes of the contention relative to the award of the expense items.
The application for rehearing is refused.
Rehearing refused.